## CHARLES E. SMITH & SONS CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10819.

United States Court of Appeals
Sixth Circuit.

Oct. 20, 1950.

1012

Sol Goodman, Cincinnati, Ohio, Sol Goodman, Cincinnati, Ohio, on brief for petitioner.

S. Dee Hanson, Washington, D. C., Theron Lamar Caudle, Ellis N. Slack, and Harry Marselli, all of Washington, D. C., Charles Oliphant, John M. Morawski, Washington, D. C., on brief for respondent.

Before ALLEN, MARTIN and McALLISTER, Circuit Judges.

## PER CURIAM.

This is a petition to review a decision of the Tax Court which (1) upheld a determination of the Commissioner finding that salaries paid to petitioner Hall C. Smith, president of the petitioner corporation, for the years ending July 31, 1942 and 1943, exceeded a reasonable compensation; (2) disallowed deductions of contributions made by the corporation during the taxable years to a pension trust established in 1942 by the corporation; and (3) held petitioner Hall C. Smith liable as transferee for deficiencies in income tax, declared value excess profits tax, excess profits tax and penalty, determined by the Commissioner to be due from the corporation for the taxable years ending July 31, 1942, and July 31, 1943.

As to the salary items, the undisputed facts are that in 1941 Hall C. Smith was sole stockholder and president of the corporation, a small concern manufacturing and retailing men's shirts. In that year Smith secured a war contract for the manufacture of tow targets. Smith's salary as president of the corporation from 1936 to 1941 was as follows:

| 1936 | 1937 | 1938 | 1939 | 1940 | 1941 |
|------|------|------|------|------|------|
| $6,527.73 | $10,800 | $6,000 | $4,800 | $7,500 | $4,800 |

In 1941 a resolution was passed increasing his salary to $52,000 for the year ending July 31, 1942. In 1942 a resolution was passed authorizing payment to the president of 15% of net sales for the coming year, a salary which amounted to $87,265.08. The Tax Court determined that a reasonable allowance for the first year was $25,000, and for the second year, $30,000.

This determination is not erroneous. The profits of the taxable years arose entirely from war contracts. While petitioner Hall C. Smith secured the contracts, the market for the work was created not by him, as was the situation in Wright-Bernet, Inc. v. Commissioner, 6 Cir., 172 F.2d 343, but by the exigencies of the war effort. The work was not technical and was relatively simple, involving ordinary processes of cutting cloth, sewing it together, and attaching flotation tubes in accordance with specifications and blue prints furnished by the Government. While petitioner worked long hours and faithfully, the increase in his compensation of nearly 1,000% for the year ending July 31, 1942, and over 1,700% for the year ending July 31, 1943, was not reasonable.

The disallowance of the amounts deducted as contributions to the pension trust was proper for two reasons: (1) The deduction for the year ending July 31, 1942, if allowable, was covered by § 23 (p), I.R.C. (1939), and for the year ending July 31, 1943, if allowable, by § 23 (p), as amended by the Revenue Act of 1942.[1] Under § 23

---

1. Section 23 (p), I. R. C. (1939).

"(p) Pension trusts.—

"(1) General rule. An employer establishing or maintaining a pension trust to provide for the payment of reasonable pensions to his employees shall be allowed as a deduction (in addition to the contributions to such trust during the taxable year to cover the pension liability accruing during the year, allowed as a deduction under subsection (a) of this section) a reasonable amount transferred or paid into such trust during the taxable year in excess of such contributions, but only if such amount (1) has not theretofore been allowable as a deduction, and (2) is apportioned in equal parts over a period of ten consecutive years beginning with the year in which the transfer or payment is made."

(p) (1939), which applied to the contribution of $23,591.54, pension liability which accrued during the taxable year was deductible in accordance with § 23 (a). The burden was on the taxpayer to establish the nature of the contribution; but this burden was not sustained. Interstate Transit Lines v. Commissioner, 319 U.S. 590, 63 S.Ct. 1279, 87 L.Ed. 1607. The Tax Court therefore assumed that the contribution covered the pension liability accrued during the taxable year, and we think this assumption is supported by the record, for the trust was established in May, 1942. There is no evidence to indicate that the amount paid was in excess of the amount of the pension liability accruing during the taxable year, and therefore the provision of § 23(p) (1939) making deductible under certain specified conditions reasonable amounts paid into the trust in excess of contributions to cover the pension liability accruing during the year does not come into operation. Considered as pension liability for the taxable year, the item of $23,591.54 is not deductible, for it is not shown to be reasonable.

The allocation of over $10,000 of the contribution for the benefit of Hall C. Smith, in a year in which his salary was unreasonable in the amount of $27,000, demonstrates that almost one-half of the contribution was unreasonable, and the other amounts which made up the contribution are not shown to be reasonable.

■■■ A similar conclusion is necessitated for the fiscal year ending July 31, 1943, for which the deduction of contributions is controlled by the amendment to § 23(p). These deductions, under the express provision of the statute, have to meet the test of § 23(a). As rightly held by the Tax Court, this test requires that the contributions made during a taxable year, when added to other compensation paid to the employees,

represent reasonable compensation for their services. Commissioner v. Surface Combustion Corp., 6 Cir., 181 F.2d 444. Since a substantial part of the contribution of $17,277.70 for the year ending July 31, 1943, namely, that allocated for the benefit of Hall C. Smith, was unreasonable compensation, and no evidence was presented to show that the other allowances were reasonable, the deduction for the fiscal year ending July 31, 1943, was rightly disallowed.

■■ (2) Moreover, the trust did not qualify as exempt from tax under § 165, I.R.C., 26 U.S.C.A. § 165, as required by § 23(p) (3), I.R.C. (1939) and § 23(p) (1) (A), as amended. The trust was never approved by the Commissioner, and it plainly was not established "for the exclusive benefit" of the employees. § 165, I.R.C. Of the contributions made for the year ending July 31, 1942, namely, $23,591.54, $10,711.75, or almost one-half, was allocated for the benefit of Hall C. Smith. For the year ending July 31, 1943, $5,591 out of a contribution of $17,259.16, or almost one-third, was allocated for the benefit of Hall C. Smith. While Smith, as president of the corporation, was its employee, he was also sole stockholder and employer. As one of the three trustees administering the trust, the two other trustees being employees, he was in sole control not only of the corporation, but of the trust, a substantial amount of which was laid out for his benefit. Since the trust did not qualify as exempt, the deductions were not allowable under the statute.

We do not discuss at length the item of transferee liability. The Tax Court found that the Commissioner did not sustain the burden of establishing liability for the year ending July 31, 1942, but assessed transferee liability for the subsequent year upon the ground that the payment of the salary of $87,265.08 to Smith for that year rendered the corporation insolvent.

Section 23 (p), I. R. C., as amended by section 162 of the Revenue Act of 1942, 26 U.S.C.A. § 23(p).

"(1) General rule. If contributions are paid by an employer to or under a stock bonus, pension, profit-sharing, or annuity plan, or if compensation is paid or accrued on account of any employee under a plan deferring the receipt of such compensation, such contributions or compensation shall not be deductible under subsection (a) but shall be deductible, if deductible under subsection (a) without regard to this subsection, under this subsection * * *."

The finding was based upon computations and adjustments in the corporation balance sheet, in which the Tax Court handled the petitioners' contention with liberality. Petitioners urged that the real estate was undervalued in the balance sheet, and the Tax Court adjusted the figure from $85,463.85, the cost in 1942, to $102,000, the price that the land brought at a sheriff's sale in 1945. All that appears upon this point is a conflict in the testimony resolved against the petitioner by the Tax Court, whose decision upon this question of fact, under familiar rules, we are bound to follow.

The decision of the Tax Court is affirmed.